JACK FRIEDMAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Second Department, March 5, 1937.

*Dean Potter* [*Edward T. Post* with him on the brief], for the appellant.

*Milton N. Rosenthal* [*Milton L. Epstein* with him on the brief], for the respondent.

PER CURIAM. The action was brought in the City Court of the City of New York, County of Queens, to recover earnings under

a contract of employment. The City Court gave judgment in favor of the plaintiff. The appeal here is from an order of the Appellate Term affirming that judgment.

Although the plaintiff-respondent claims to the contrary, the proof establishes as a matter of law that there was a written contract between the parties. Even if it be assumed that the plaintiff's cause of action is based upon an alleged ambiguity respecting the charge for lapses on industrial policies which he had not originally procured, he made no attempt to establish such ambiguity, as to which the burden was upon him. On the contrary, the defendant-appellant conclusively established by the poster contracts, and its rules and regulations, which were incorporated by reference in the written contract of employment, that the charges for lapsed policies were properly made and that the plaintiff had notice and actual knowledge of the imposition of such charges week by week, as well as in the quarterly statements furnished to him. Furthermore, he signed a contract of employment precisely similar to the original one some years after the original employment had commenced. Even assuming as correct his claim that the poster contracts, which constitute the essence of the relationship between the company and its agents, were not conspicuously placed in the district office, the fact remains that he signed a statement in which he acknowledged, by reference, the existence of one of such poster contracts. Upon all of the proof we are of opinion that not only did the plaintiff fail to establish a cause of action, but that it is entirely devoid of merit.

The order of the Appellate Term and the judgment of the City Court should be reversed on the law and the complaint dismissed, with costs in all courts.

LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and CLOSE, JJ., concur.

Order of Appellate Term affirming a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff, reversed on the law, judgment of the City Court reversed, and complaint dismissed, with costs in all courts.